UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIVIL NO.: 09-20584-COV-GOLD/MCALILY

DISNEY ENTERPRISES, INC.,
and SANRIO, INC.,

       Plaintiffs,

vs.

LM IMPORT-EXPORT, INC.,
and HUNG LAM,

       Defendants.
_____/

SETTLEMENT AGREEMENT AND CONSENT TO PERMANENT INJUNCTION
AGAINST LM IMPORT-EXPORT, INC.

Plaintiffs, Disney Enterprises, Inc. and Sanrio, Inc., by and through their undersigned attorneys, and LM Import-Export, Inc. and Hung Lam, hereby enter into the following Settlement Agreement and Consent to Permanent Injunction (hereinafter "Agreement"):

    1.    LM Import-Export, Inc. agrees and stipulates to the following facts and findings:

        A.    This Court has jurisdiction over the Plaintiffs and the Defendant and the Subject Matter of this action.

        B.    The Plaintiffs are the owners of the distinctive copyrighted properties and trademarks identified by the registrations indexed as Exhibit "A" to the Complaint

and hereinafter referred to as "the Copyrighted Properties and Trademarks." The registrations are valid and subsisting and are conclusive proof of the Plaintiffs' rights to the Copyrighted Properties and Trademarks noted.

C. LM Import-Export, Inc. has never been authorized by either of the Plaintiffs to import, sell, offer for sale, advertise, promote, market, display and/or distribute toys and related merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing any design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks.

D. The Plaintiffs are suffering and have suffered irreparable injury as a result of LM Import-Export, Inc.'s distribution, display, sale, advertisement, promotion, marketing, and/or offer for sale of toys and related merchandise bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks. The Plaintiffs will continue to suffer irreparable harm and injury should a Permanent Injunction Order not be issued. Additionally, as a result of the seizure carried out by the U.S. Marshals on March 13, 2009, LM Import-Export, Inc. was found to have in its possession 5,040 items of allegedly unauthorized merchandise. A copy of the Seizure Inventory List is attached hereto as Exhibit "1." During a subsequent meeting of attorneys for the Plaintiffs and Defendants held on May 8, 2008 to analyze and account for the seized items, Plaintiffs returned to LM Import-Export, Inc. 1,464 items of non-

2

infringing merchandise. A copy of the Returned and Released Inventory List is attached as Exhibit "2." The remaining 3,576 items are defined herein as the "Seized Goods."

2. LM Import-Export, Inc. shall immediately cease the sale, offering for sale, advertising, promotion, importation, marketing and distribution, or other commercial exploitation of any kind of merchandise, including toys and related merchandise or any other products, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks.

3. LM Import-Export, Inc., by and through its officers, directors, agents, affiliates, divisions and subsidiaries agree that, in the future, it shall not design or image, manufacture, export, import, distribute, offer for sale, sell or otherwise traffic in any goods bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks.

4. LM Import-Export, Inc. agrees and stipulates that it has no infringing or counterfeit merchandise bearing the Copyrighted Properties and Trademarks in its possession or control, bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the

Copyrighted Properties and Trademarks, or that if it has any such remaining infringing or counterfeit merchandise, it will turn over such merchandise to Plaintiffs' counsel upon execution of this Agreement. Further, Plaintiffs will return to LM Import-Export, Inc. and Hung Lam all documents or records in their possession, custody or control seized on March 13, 2009.

5. LM Import-Export, Inc. states that it will cooperate with the Plaintiffs' ongoing investigation and future inquiries concerning the sale of counterfeit and unauthorized merchandise bearing the Copyrighted Properties and Trademarks including, but not limited to, providing a declaration concerning its source or sources or appearing for a deposition in this matter without need of a subpoena. Any such deposition shall be held in the Miami area upon reasonable notice to LM Import-Export, Inc.

6. LM Import-Export, Inc. and Hung Lam shall collectively pay damages to the Plaintiffs of Fifty-Five Thousand Dollars ($55,000) in the following manner: Upon execution of this Settlement Agreement, LM Import-Export, Inc. and Hung Lam shall collectively pay to Plaintiffs Ten Thousand Dollars ($10,000) in partial settlement. In addition to the payment referenced above, beginning on July 15, 2009 and continuing on the 15th day of each month thereafter, through and including February 15, 2011, LM Import-Export, Inc. and Hung Lam shall collectively pay to Plaintiffs the sum of Two Thousand, Two Hundred Fifty Dollars ($2,250) per month for a total of twenty (20) payments, time being of the essence, until the full Fifty-five Thousand Dollars ($55,000) has been paid. Settlement funds shall be made payable to **Holihan Law Trust Account**

via business, cashiers' or trust check. Funds paid in a form other than this shall be deemed a default of this Agreement and not accepted. All payments shall be mailed or sent to the following address:

> Holihan Law
> 1101 North Lake Destiny Road
> Suite 275
> Maitland, Florida 32751

7.      LM Import-Export, Inc. stipulates and agrees to entry of a Permanent Injunction and Final Order against it in the form attached as Exhibit "3" forever enjoining it from manufacturing, selling, offering for sale, advertising, importing, promoting, marketing and distributing, or making any commercial exploitation of any kind of merchandise, including toys and related merchandise or any other products bearing unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Copyrighted Properties and Trademarks, or bearing a design or image which is of a substantially similar appearance to the Copyrighted Properties and Trademarks.  The Permanent Injunction and Final Order also provides for entry of a Final Judgment in favor of the Plaintiffs and against the Defendants in the amount of One Hundred Thirty-Five Thousand Dollars ($135,000.00).  Once LM Import-Export, Inc. and Hung Lam collectively make full payment of Fifty-Five Thousand Dollars ($55,000.00) pursuant to paragraph 6 of this Agreement, Plaintiffs will provide LM Import-Export, Inc. and Hung Lam with a satisfaction of the monetary portion of the Final Judgment and Order, forever waiving Plaintiffs' right to collect any amount

beyond Fifty-five Thousand Dollars ($55,000.00) against both LM Import-Export, Inc. and Hung Lam.

8. LM Import-Export, Inc. and Hung Lam stipulate that they shall be in default of this Agreement by failing to make any of the payments provided for in paragraph 6 in a timely fashion (hereinafter referred to as a "Monetary Default'). LM Import-Export, Inc. and Hung Lam may cure a Monetary Default by paying any missed payment within twenty (20) days of the due date.

9. LM Import-Export, Inc. stipulates that it shall be in default of this Agreement by failing to turn over to Plaintiffs' undersigned counsel any counterfeit or infringing merchandise knowingly in LM Import-Export, Inc.'s possession at the time this Agreement is executed which violates the Plaintiffs' Copyrighted Properties and Trademarks, or by knowingly misrepresenting its source of the counterfeit or infringing merchandise, or if it knowingly violates any of the Plaintiffs' exclusive Copyrighted Properties and Trademarks subject to the Safe Harbor Provision of paragraph 10 or otherwise knowingly violate any terms of this Agreement (hereinafter referred to as an "Equitable Default").

10. The term "Safe Harbor Provision" means LM Import-Export, Inc. shall have the right to receive possession of goods at its place of business for evaluation purposes or investigate any allegations of Equitable Default made by Plaintiffs, without being in violation of paragraph 9. The investigation period shall last 10 business days from the date of LM Import-Export, Inc.'s possession or control of such goods. Within the investigation period, LM Import-Export, Inc. shall be permitted to destroy any

goods that are determined to violate the Copyrighted Properties and Trademarks, without violating any terms of this Agreement. The Safe Harbor Provision is contingent upon LM Import-Export, Inc. making reasonable inquiry prior to the importation of any merchandise covered by paragraph 9, that said merchandise is not in violation of this Agreement or the Permanent Injunction. Such reasonable inquiry shall include at the very least that LM Import-Export, Inc., or its counsel, review samples, or photographs of samples, of the proposed merchandise prior to its importation to the United States to determine whether such merchandise violates the Copyrighted Properties and Trademarks. Additionally, LM Import-Export, Inc. shall retain relevant records concerning its importation and/or possession of all merchandise that it destroys under this provision for a period of one year from the date of destruction.

11. If a dispute arises in the future between Plaintiffs and Defendants respecting the subject matter of this Agreement or the Copyrighted Properties and Trademarks, the party alleging the existence of such dispute shall provide written notice to the other and the parties shall make their best efforts for 60 days to resolve any such dispute without litigation.

12. Plaintiffs agree that, so long as LM Import-Export, Inc. and Hung Lam are not in Monetary Default or LM Import-Export, Inc. is not in Equitable Default of this Agreement, the Plaintiffs shall not record the Final Judgment or take any other action to collect on the Final Judgment.

13. LM Import-Export, Inc. and Hung Lam stipulate and agree that should LM Import-Export, Inc. and Hung Lam be in Monetary Default or should LM Import-

Export, Inc. be in Equitable Default on this Agreement, the Plaintiffs shall proceed pursuant to paragraph 11 before recording the Final Judgment and taking legal means to collect on said Final Judgment. Once LM Import-Export, Inc. and Hung Lam collectively make full payment of the Fifty-five Thousand Dollars ($55,000.00) as provided in paragraph 6, above, Plaintiffs will provide LM Import-Export, Inc. and Hung Lam with a satisfaction of the monetary portion of the Final Judgment and Order, forever waiving their right to collect any amount beyond the Fifty-five Thousand Dollars ($55,000.00). All Parties Stipulate that such satisfaction and waiver shall only address the monetary portion of the Final Judgment and that the Permanent Injunction shall remain in full force and effect only against LM Import-Export, Inc.

14. LM Import-Export, Inc. stipulates and agrees that any Seized Goods currently in Plaintiffs' undersigned counsel's possession as substitute custodian, or otherwise turned over to Plaintiffs' counsel as provided for in this Agreement, may be destroyed and/or disposed of at the Plaintiffs' discretion and in such manner as Plaintiffs' deem appropriate. LM Import-Export, Inc. hereby waives any and all right, title and/or interest to the Seized Goods and forever releases the Plaintiffs from any and all claims arising out of the disposition of the Seized Goods.

15. In reliance upon the truthfulness of all statements made above by LM Import-Export, Inc. and Hung Lam, Plaintiffs jointly move with LM Import-Export, Inc. and Hung Lam for this Court to enter a Final Order on this matter with respect to LM Import-Export, Inc. and Hung Lam, as provided for in the proposed Permanent Injunction and Final Order attached hereto as Exhibit "3." LM Import-Export, Inc. and

Plaintiffs agree to stipulate that the Permanent Injunction shall remain in full force and effect against only LM Import-Export, Inc. after the Court enters the Final Order, and further that this Court retain jurisdiction over this matter to enforce the terms of this Agreement and the Permanent Injunction. The Parties further stipulate and agree that each has had an opportunity to confer with their counsel with regard to all aspects of the Agreement, Permanent Injunction and Final Order.

16. For and in consideration of the promises outlined throughout the aforementioned paragraphs, the parties agree that this agreement will settle any and all claims and actions between Disney Enterprises, Inc. and Sanrio, Inc., and further releases and forever discharges LM Import-Export, Inc. and Hung Lam of and from any and all causes of actions, suits, rights to attorneys' fees, debts, claims and demands whatsoever in law or equity arising from or related to matters of the lawsuit otherwise known as *Disney Enterprises, Inc., et al. v. LM Import-Export, Inc., et al.*, Case No.: 09-20584-CIV-GOLD, pending in the United States District Court, Southern District of Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including those which relate to as "the Copyrighted Properties and Trademarks" from the beginning of the world to the effective date of this Agreement.

17. Should any provision of the Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall not be effected thereby and said illegal part, term, or

provision shall be deemed not to be part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

Dated: 6/17/09

*[signature]*

Michael W.O. Holihan
Florida Bar No: 782165
Holihan Law
1101 North Lake Destiny Road
Suite 275
Maitland, Florida 32751
Telephone: (407) 660-8575
Fax: (407) 660-0510
E-mail: michael.holihan@holihanlaw.com
Attorneys for Plaintiffs

Dated: 06/18/09

*[signature]*

Hung Lam
4805 NW 165th Street
Miami, FL 33014
E-mail: sales@lmimport-export.com

Dated: 06/18/09

*[signature]*

LM Import Export

By: HUNG LAM

Its: _____